FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

2017 DEC 21  PM 3: 30

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Civil Action Number:

6: 17-CV-2187-ORL-31

JOEL PRICE,

      Plaintiff,

vs.

PIZZA HUT, LLC
d/b/a Pizza Hut and
www.pizzahut.com,

      Defendant.

---

## COMPLAINT

---

    COMES NOW Plaintiff Joel Price ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Pizza Hut, LLC for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36 and pursuant to the common law tort of trespass and alleges as follows:

### INTRODUCTORY STATEMENT

    1.    Plaintiff brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Pizza Hut, LLC's business.

    2.    Businesses can make choices (unlike visually impaired individuals) and can either make their business inclusive, or they can make them effective **Zones of Discrimination** and exclude the visually-impaired.

1

3.      When business owners do not take steps necessary to notice people of their businesses limitations to provide auxiliary aids and services, they are not only marginalizing the visually impaired community, but they are actively excluding them from their business, which in fact segregates the disabled into being non-participants, i.e.: second-class citizens.

4.      This case arises out of the fact that Defendant Pizza Hut, LLC has operated its business in a manner and way that completely excludes individuals who are visually impaired from access to Defendant's business based upon Defendant's failure to provide auxiliary aids and services for effective communications.

5.      Defendant Pizza Hut, LLC (also referenced as "Defendant") owns, operates and franchises places of public accommodation which are fast food restaurants under the brand name "Pizza Hut." Pizza Hut restaurants offer for sale to the public Italian-American cuisine, such as pizzas, pastas, wings, sides, dipping sauces, drinks, and desserts, which are heretofore, referenced as "goods and services," "Pizza Hut food."

6.      This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services for effective communication in Defendant's business (which includes Defendant's Website) so that Plaintiff (and other individuals who are visually impaired) can access and communicate with Defendant effectively and timely such that their access to Defendant's places of public accommodation (which are fast food restaurants) are not impeded; as such impediment has rendered Defendant's physical places of accommodation not fully accessible to the visually impaired.

7.      This complaint also seeks compensatory damages to compensate Plaintiff for having been subjected to unlawful discrimination by Defendant as a result thereof.

### JURISDICTION & VENUE

8.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business.

9.      This is also an action with supplemental jurisdiction over related state law claim pursuant to 28 U.S.C. §1367.

10.      State law provides for declaratory and injunctive relief to prevent the continuing act of trespass against the Plaintiff's personal property (his personal computer). Remedies provided under common law for trespass are not exclusive, and may be sought connection with suits brought under the ADA.

11.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is conducting business within the jurisdiction of this court by virtue of the fact its website is available to the general public within this district and the acts constituting the violation of the ADA occurred in this District. Further, several of the Defendant's restaurants are located in the district.

12.      Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

### THE PARTIES

**Joel Price**

13.      Plaintiff Joel Price (also referenced as "Plaintiff") is a resident of the state of Florida and resides within the state of Florida, is *sui juris*, is disabled as defined by the

ADA.

14.      Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Therefore, Plaintiff is substantially limited in performing one or more major life activities, including (but not limited to) accurately visualizing his world and adequately traversing obstacles.

15.      Due to his disabilities, the Plaintiff requires the use and accompaniment of a service animal, as his service animal is a trained seeing-eye dog.    Plaintiff's requirement for use of a service animal is defined by 28 C.F.R. §36.104 and Florida Statue §413.08(1)(d).

16.      Plaintiff cannot use the computer/internet without the assistance of commercially available screen reader software to interface with the internet and websites located therein.

**Pizza Hut, LLC**

17.      Defendant Pizza Hut, LLC (also referenced as Defendant) is the owner, operator, and franchisor of a chain of fast food restaurants under the brand name "Pizza Hut."

18.      The Defendant owns and/or operates over thirteen thousand Pizza Hut restaurants around the world. In addition, Defendant provides franchise opportunities. Defendant offers pizzas, pastas, wings, sides, dipping sauces, drinks, and desserts. It also offers catering services. Further, it enables customers to order its products online. The company was founded in 1958 and is based in Plano, Texas. Pizza Hut is the seventh-largest fast food restaurant chain by number of locations in the world, as there are 13,728

4

locations worldwide.

19.      Pizza Hut, LLC is a subsidiary of Yum! Brands, Inc., which is an American fast food company and Fortune 500 corporation. Yum! Brands, Inc. produced $6.366 billion in revenue in 2016, and employees over 90,000 individuals.

20.      Defendant sells Pizza Hut franchises in the United States and internationally, which are all vehicles which serve to sell the Pizza Hut food which Defendant or its affiliated companies produce.

## FACTS

21.      Plaintiff's disability limits major life activities, and he requires assistive technologies, auxiliary aids and services for effective communication.

22.      At all times material hereto, Defendant Pizza Hut, LLC was (and is) an organization which owns and operates, and is a franchisor of  a chain of fast food restaurants under the brand name "Pizza Hut," each Pizza Hut restaurant is open to the public. As the owner, operator, and franchisor of fast food restaurants, Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant Pizza Hut, LLC is a private entity which owns and/or operates (through its franchise arrangements with individual franchisees): "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

23.      Each of Defendant's Pizza Hut restaurants are open to the public and are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. Part 36. Defendant's Pizza Hut restaurants are also referenced throughout as "Place(s) of Public Accommodation," "Pizza Hut restaurant(s)," or "restaurant(s)."

24.     The Defendant controls, maintains, and/or operates a collection of related web pages, including multimedia content, typically identified with a common domain name, and published on at least one web server; namely the domain located at a website called www.pizzahut.com ("Website").

25.     Defendant's Website is an electronic storefront and business permits the public to obtain information on Pizza Hut food, information on restaurant policies, and other information Defendant is interested in communicating to its customers,  the ability to purchase Pizza Hut food online and have it delivered to one's home or available for pick up, the ability to purchase gift cards online, and other information the Defendant seeks to communicate to the public. From the Website, the public can sign up for special offers, or learn about all the various aspects of their food, such as nutrition facts and gluten free options in the food selection offered at Pizza Hut restaurants. Through its business structure (which includes its Website), Defendant is statutorily required to provide auxiliary aids and services for the disabled.

26.     For all of the reasons as delineated herein, clearly, the Website is an integral part of the goods and services offered by Defendant. By this nexus, the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(B) of the ADA[1].

27.     Defendant's Website is also a public restaurant that is on-line, where the public can view and purchase Pizza Hut gift cards online and have the Pizza Hut gift

---

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

cards delivered to one's home, or available for pick up in a nearby Pizza Hut restaurant. Therefore, the Website is itself a sales establishment which is a Place of Public Accommodation pursuant to 42 U.S.C. §12181(7)(E). As such, the Website must comply with all requirements of the ADA.

28.    Defendant's Website also permits the public to order food online for delivery to one's home or available for pick up in a nearby Pizza Hut restaurant. Therefore, the Website is itself a restaurant / food service establishment which is a Place of Public Accommodation pursuant to 42 U.S.C. §12181(7)(B). As such, the Website must comply with all requirements of the ADA.

29.    If the Defendant offers a Website, the Defendant must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the public.

30.    At all times material hereto, Defendant Pizza Hut, LLC was (and is) an organization owning and operating the Website. Since the Website is open through the internet to the public as part of their Place of Public Accommodation, Defendant (as the owner and/or operator of the Website) is defined as a "Public Accommodation" within meaning of Title III, 42 U.S.C. §§s 12181(7)(E) & (B) and 28 C.F.R. §36.104(2). As such, Defendant has subjected itself and the Website it has created and maintains, to the Americans with Disabilities Act ("ADA").

31.    Plaintiff is a customer who is interested in purchasing and eating pizza such as offered at Pizza Hut restaurant physical locations, particularly as offered in the Pizza Hut restaurant located at 500 South Atlantic Avenue, Daytona Beach, Florida 32118, which is close to his home.

32.     Plaintiff had called the Defendant's Pizza Hut restaurant to inquire about the pizza selection, toppings and prices available at his local Pizza Hut restaurant. However, Defendant's representative failed to fully assist Plaintiff and referred Plaintiff to its Website.

33.     Following communications with Defendant's representative through Defendant's customer service number, During the month of November 2017, Plaintiff attempted on several occasions to utilize Defendant's Website to browse through the Pizza Hut menu to educate himself as to the Pizza Hut food available with the intent then going to his local Pizza Hut restaurant location to make a purchase.

34.     The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which when utilized allows individuals who are visually impaired to communicate with internet website(s).

35.     Defendant's Website lacks accommodations necessary to allow visually impaired individuals who use screen reader software access to the Website, prompting information to locate and accurately fill-out online forms and to browse through Pizza Hut menu for the purposes of purchasing Pizza Hut food or to order and pay for Pizza Hut food online for pick-up and for purchasing gift cards online.

36.     The Plaintiff attempted to locate an *Accessibility Notice*[2] which would direct him to a webpage with contact information for disabled individuals who have questions, concerns or who are having difficulties communicating with the Defendant.

---

[2] **hyperlink**, or simply a link, is a reference to data that the reader can directly follow either by clicking, tapping, or hovering. A **hyperlink** points to a whole document or to a specific element within a document.

8

37.    The fact that Plaintiff could not communicate with Defendant left him excluded from accessing Defendant's physical restaurant locations, and left Plaintiff with the feeling of segregation, rejection, and isolation, as Plaintiff was unable to participate in the same manner as provided to the public.

38.    The Plaintiff's inability to access and use accessible auxiliary aids and services has impaired, obstructed, hindered, and impeded Plaintiff's ability to enjoy the shopping experience for goods and services offered at  Pizza Hut restaurant locations. Plaintiff's inability to enjoy and learn about Pizza Hut food resulted in a *virtual barrier* which has precluded Plaintiff's enjoyment of and access to Defendant's goods and services. Plaintiff's inability to learn about Pizza Hut menu selections (goods and services) prior to entering his local Pizza Hut restaurant has hindered, impeded and inhibited Plaintiff's entry to Pizza Hut restaurants. Plaintiff has missed out on purchasing and enjoying Defendant's goods and services, and as such, Plaintiff has suffered particularized harm and an injury in fact. Because Plaintiff cannot communicate with Defendant, Plaintiff has not had access to the  Pizza Hut chain which serves delicious pizza at reasonable prices.

39.    Plaintiff continues to desire to patronize Defendant, but is unable to do so, as he is unable to effectively communicate with the Defendant in order to obtain access to Pizza Hut physical restaurant locations in order to participate in the goods and services offered at Pizza Hut restaurants. Plaintiff's inability to communicate with/comprehend Defendant's business effectively has impeded Plaintiff's ability to patronize Pizza Hut physical restaurant locations. As such, the Plaintiff (and others with vision impairments)

will suffer continuous and ongoing harm from the Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

40.    On information and belief, Defendant has not initiated an ADA policy for effective communication to insure full and equal use of their business by individuals with disabilities.

41.    On information and belief, Defendant has not instituted an Effective Communications Committee to insure full and equal use of its Auxiliary Aids and Services by individuals with disabilities.

42.    On information and belief, Defendant has not designated an employee as an Accessibility Coordinator to insure full and equal use of its Auxiliary Aids and Services by individuals with disabilities.

43.    On information and belief, Defendant has not instituted an Auxiliary Aids and Services Accessibility User Testing Group to insure full and equal use of the Defendant's Auxiliary Aids and Services by individuals with disabilities.

44.    On information and belief, Defendant has not instituted an Automated Accessibility Testing program.

45.    On information and belief, Defendant has not created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

46.    On information and belief, Defendant has not created a Website page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendant will have the www.pizzahut.com website, Applications, and Digital Assets accessible to the visually

impaired community.

47.    On information and belief, Defendant's Auxiliary Aids and Services do not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[3].

48.    On information and belief, Defendant does not have an Axillary Aids and Services Accessibility Policy.

49.    On information and belief, Defendant has not disclosed to the public any intended audits, changes, or lawsuits to correct the inaccessibility of its Axillary Aids and Services.

50.    On information and belief, Defendant has not offered any other credible from of Auxiliary Aids and Services other than its Website.

51.    Thus, the Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its business.

52.    All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

53.    The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet shopping websites, such as the www.pizzahut.com website.[4]

---

[3] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

[4] Congress expressly stated when passing the ADA, "the types of accommodation and services provided to individuals with disabilities, under all of the titles of this bill, should keep pace with the rapidly changing

54.    On information and belief, the Defendant is aware of the common access barriers and barriers to effective communication within its Auxiliary Aids and Services which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

55.    On information and belief, Defendant is aware of need to provide full access to all visitors to its www.pizzahut.com website.[5]

56.    Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

57.    Such barriers result in punishment and isolation of blind and low vision individuals from the rest of society.

58.    According to the National Federation for the Blind[6], there are over seven million Americans with visual disabilities (which makes up 2.3% of the population), and there are 469,300 individuals with visual disabilities living within the state of Florida[7].

59.    According to Statistic Brain Research Institute[8], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online restaurants such as www.pizzahut.com and have made an

---

technology of the times" and technological advances "may require public accommodations to provide auxiliary aids and services in the future which today would not be required.

[5] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g.
(https://www.digitalcommerce360.com/2016/04/01/web-accessibility-what-e-retailers-need-know/),
(www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance )
[6] Statistics for 2015, see  https://nfb.org/blindness-statistics
[7] 469,300 is the number of non-institutionalized (male and female, all ages and ethnicities) reported to have a visual disability in 2014; see https://nfb.org/blindness-statistics
[8] US Commerce Department, Forrester Research date: October 9, 2014, See
http://www.statisticbrain.com/total-online-sales/

internet purchase, while 57% of Americans that have browsed online stores and restaurants have made a purchase multiple times.

60.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for declaratory judgment and injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices. No price can be put on Plaintiff's inability to shop for himself.

61.     Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of Plaintiff's rights is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

62.     Plaintiff has retained the civil rights law office of Scott R Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**Trespass Violations**

63.     Plaintiff utilizes his personal computer to access websites such as the Defendant's www.pizzahut.com website. Plaintiff uses his personal computer as a method of conveyance of his personal information. As such, Plaintiff restaurants his personal information and retains his browsing history on his personal computer.

64.     Throughout the Website, the Defendant has placed forms of software to collect non-public information on the website's user's preferences and internet browsing habits.

65.     The Defendant informs the Website user that the user's personal information and browsing history is collected is used for targeted marketing and advertising. Further, Defendant discloses that any individual who accesses its website and

commences to shop on that website is subject to having his/her personal information conveyed to third parties. According to the Defendant's Website, those third parties include (but may not be limited to): (i) the Defendant's related affiliated companies (including other Yum! Brands, Inc. companies such as KFC and Taco Bell), (ii) service providers (without so naming the service providers), (iii) other third parties (such as website hosting companies, but without so naming the third parties), and (iv) to law enforcement officials (if so required to be transmitted by said law enforcement).

66.     The Plaintiff was unable to comprehend Defendant's Website; therefore, Plaintiff has/had no choice (and therefore no knowledge) of the Defendant's installation of software and collection of the website user's browsing history and analytics placed on the user's computer.

67.     Based upon the review of Defendant's Website, it is clear that, when a user accesses Defendant's Website, the Defendant installs software onto the user's computer.  It is clear that the Defendant has used browser cookies to identify websites that Plaintiff has previously visited by accessing Plaintiff's web browser history.

68.     As such, through its Website, Defendant has committed a trespass against the Plaintiff since the Website places software on the Plaintiff's personal computer without Plaintiff's consent.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

69.     Plaintiff Joel Price re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-62 above.

### Requirement for Effective Communication

70.     It is irrefutable that the ADA and implementation of ADAAG requires that

Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective.

71.     According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

72.     Section 28 C.F.R. §36.303(c) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

73.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

74.     Defendant's Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

**Pizza Hut Restaurants are Each A Place of Public Accommodation**

75.     By virtue of the fact that Pizza Hut restaurants are open to the public, each restaurant is a place of public accommodation subject to the requirements of Title III of

the ADA; 42 U.S.C. § 12181(7)(B). The ADA prohibits any and all barriers which would limit access by the visually impaired to such places of public accommodation.

76.     The virtual barrier to access is just as real as a physical barrier to access, for without information as to the goods and services offered and ability to investigate and choose a restaurant, the visually impaired have no access to the goods and services of that restaurant, which is a Place of Public Accommodation.

77.     Pursuant to 42 U.S.C. §12181(7)(B), Defendant is a *Public Accommodation* under the ADA because it is a franchisor of Pizza Hut restaurants and has input into the operations of those restaurants and profits directly from the wholesale sale/supply of food to those Pizza Hut restaurants.

**The Website As A Place of Public Accommodation**

78.     Consistent with the text and legislative history of the ADA, the Department of Justice (Department) has long affirmed the application of Title III of the ADA to websites of public accommodations[9]; see Statement of Interest filed by the Department in *Juan Carlos Gil v Winn Dixie Restaurants, Inc.* No. 16-cv-23020 [DE #23].

79.     District courts within the Eleventh Circuit that have considered the

---

[9] *See generally* Statement of Interest of the United States, *Nat'l Assoc. of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012) (No. 3:11-cv-30168), available at www.ada.gov/briefs/netflix_SOI.pdf (discussing the Department's history of public pronouncements on the topic); *see also* Consent Decree, *Nat'l Fed. of the Blind and United States v. HRB Digital LLC and HRB Tax Group, Inc.*, No. 1:13-cv-10799-GAO (entered March 25, 2014), available at www.ada.gov/hrb-cd.htm (comprehensive decree governing the accessibility of H&R Block's website); *Settlement Agreement Between United States and Ahold U.S.A. Inc. and Peapod LLC* (11/17/14), available at https://www.ada.gov/peapod_sa.htm (agreement addressing accessibility of online grocery service).

question of whether websites are public accommodations have uniformly held that websites are subject to the ADA if a plaintiff can establish a nexus between the website and the physical premises of a public accommodation. See, *Juan Carlos Gil v Winn Dixie Restaurants, Inc.* No. 16-cv-23020 [DE #32] Order Denying Defendant's Motion for Summary Judgment, quoting from *Andres Gomez v. Bang & Olufsen Am., Inc.,* No. 16-23801 at 9 (citing *Rendon v. Vallycrest Prods., Inc.* 249 F.3d 1279 (11th Cir. 2002) for the proposition that if a plaintiff establishes some nexus between the website and the physical place of public accommodation, the plaintiff's ADA claim can survive a motion to dismiss).

80.    The Courts have held that, when services available on an internet website have a connection to a physical Place of Public Accommodation, that website falls within the ADA's *Place of Public Accommodation* requirement; *Peoples v Discover Financial Services, Inc.*, 2009 WL 3030217, 2 (E.D. Pa. 2009).

81.    The www.pizzahut.com website is a *Place of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(B) as it serves as an integral part of Pizza Hut restaurants by providing the public information on the various locations of Pizza Hut restaurants, and offers the public the ability to be educated as to the line of Pizza Hut food sold within those restaurants, which in turn allows the public to determine if they wish to physically patronize Pizza Hut's physical restaurant locations and to purchase Pizza Hut food. Further, the Website allows the pubic the ability to order food for pick up or delivery online, therefore the Website is itself a food service establishment.

82.     The Website is also a *Place of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) as the public is able to purchase Pizza Hut gift cards online through the Website (which meets the definition of 'sales establishment').

83.     As delineated above and pursuant to 42 U.S.C. §§s 12181(7)(B) & (E), Defendant is a *Public Accommodation* under the ADA because it because it owns and/or operates the www.pizzahut.com  website which is defined within §12181(7)(E) & (B), and is subject to the ADA.

84.     In addition, Defendant's representatives within Pizza Hut restaurant locations have referred customers to Defendant's Website for additional information, as the Website provides information regarding their menu, nutrition facts, gluten free food options, locations, and policies, such that the Website is an integral part of the public's needs with respect to Defendant's business.

85.     By Defendant's representatives referring the public/visually impaired individuals to its Website for reference to information on goods and services instead of providing such information at the physical restaurant locations, the Website has been rendered an integral part of Pizza Hut physical restaurant locations. Thus, the failure of that Website to be accessible to visually impaired individuals impedes visually impaired individuals (such as the Plaintiff) from fully accessing the Defendant's physical business locations.

86.     It is clear that the ADA applies to the Defendant's Website, as the Website is a *Place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress' intent was for the ADA to be responsive to changes

in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

87.    The ADA's legislative history makes it clear that Congress intended the ADA to adapt to changes in technology, such as the technology afforded through websites, the internet and e-commerce. Congress has stated that "the types of accommodation and services provided to individuals with disabilities . . . ***should keep pace with the rapidly changing technology of the times.***" *Nat'l Ass'n of the Deaf v. Netflix, Inc.,* 869 F. Supp. 2d at 200 (D. Mass. 2012)[10] *Netflix,* (citing H.R. Rep. 101-485(II), at 108 (1990)); *Nat'l Fedn. of the Blind v. Scribd Inc.,* 97 F. Supp. 3d, 574 (same) (D. Vt. 2015)[11] (emphasis added). For example, Congress identified "information exchange" (the principal function of a website) as an important area of concern where expanding technology would be subject to the ADA. *Scribd,* 97 F. Supp. 3d at 574 (citing H.R. Rep. 101-485(II), at 108 (1990)).

88.    Recent case law supports that the intangible barriers presented within Defendant's Website are violative of the ADA.  In rendering his decision that Winn Dixie Restaurants, Inc.'s website contained barriers to access which are prohibited by the ADA[12], Judge Scola drew upon the decision in *Rendon v. Valleycrest Prods., Inc.* 294 F.3d 1279, 1284 n.8 (11th Cir. 2002), where the Eleventh Circuit noted that the plain language of Title III of the ADA covers both tangible, physical barriers that prevent

---

[10] the plaintiff sued Netflix, Inc., ("Netflix") under Title III of the ADA based on Netflix's failure to provide equal access to its video streaming website "Watch Instantly" for deaf and hearing impaired individuals. There, the plaintiff alleged the website itself was a place of public accommodation because the website qualifies as a "place of exhibition and entertainment," "place of recreation," "sales or rental establishment," and "service establishment" as enumerated by the ADA. *Id.* at 200.

[11] wherein the plaintiff filed a complaint alleging a violation of the ADA against Scribd, Inc., ("Scribd"), in that it provided a digital library operating reading subscription services on its websites and mobile app which were incompatible with reader software and denied blind persons' access to Scribd's services

[12] *Juan Carlos Gil v Winn Dixie Restaurants, Inc.* No. 16-cv-23020 [DE #63].

a disabled person from accessing a public accommodation, as well as "**intangible barriers**, such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges . . . ." 249 F.3d at 1283 **(emphasis added)**.

89.    At the present time and since the Website's inception, Defendant has provided inadequate service, and ineffective communications and services. Plaintiff's injury is real, has occurred and is continuing. Plaintiff's injury will continue to occur until it is absolutely clear that Defendant's wrongful behavior is remedied.

90.    Recent Case law supports the Plaintiffs position, that companies which that have not fully updated their websites so that they are accessible to visually impaired individuals are not immune to redress. See, *Lucia Markett v. Five Guys Enterprises LLC* No. 17-cv-788 [DE #33] Order Denying Defendant's Motion To Dismiss, where the Honorable Judge Katherine B. Forrest rejected the defendant's argument that Five Guys' in-process renovation of its website which will eventually result in its website being accessible to plaintiff and other blind and visually impaired individuals (after the renovation is complete) rendered plaintiff's claim as moot.

91.    Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

92.    Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable

modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

93.      In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

**Barriers to Access**

94.      As a result of the inaccessibility of Defendant's physical places of business precipitated by barriers within its Website, visually impaired individuals are denied full and equal access to Pizza Hut physical restaurant locations as Defendant has made available to the public through the information provided on Defendant's Website, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §*12182 et. seq.*

95.      Types of website programming errors include (but are not limited to) *(i) Programming Error Types* ("PETs"), which are easily identifiable and correctable, *(ii) Programing Alert Error Types* ("PATs"), which are prone to making the website

inaccessible, and *(iii)* Design Errors ("DEs") that create empty headings and text fields that create confusion for a user that rely on the 'TAB' key to navigate a web page.

96.    A sampling review of just part of the Defendant's Website revealed that the Website is not functional for users who are visually impaired. The Website contains several types of PETs (easily identifiable and correctable), which occur throughout the Website such as:

1) The language of the document is not identified,
2) Image alternative text is not present, and
3) A form control does not have a corresponding label.

97.    Further, the Defendant's Website contains various types of PATs (prone to making the website inaccessible), which occur throughout the Website, such as:

1) Alternative text is likely insufficient or contains extraneous information,
2) An event handler is present that may not be accessible,
3) A heading level is skipped,
4) Flash content is present,
5) Adjacent links go to the same URL,
6) A link contains no text, and
7) Alternative text is likely insufficient or contains extraneous information.

98.    More violations may be present on other pages of the Website, and they will be determined and proven through the discovery process.

99.    Defendant's website contains one or more links to a PDF attachment.   An example of one such link is the Pizza Hut Nutritional Guide located at https://quikorder. pizzahut.com/QOcontent2/Files/PDF/NutritionInformation.pdf. The PDF attachment's flat surface does not contain accessible coding. The PDF document does not include a text-based format (or equivalent). Defendant has not added 'alt[13]' tags or long descriptions for the

---

[13] 'alt' refers to 'alternative text'

PDF within its website. The PDF attachment has not been provided in HTML or with a text equivalent, and is not a webpage[14], therefore, it is inaccessible to the visually impaired.

100.    Further, the Website does not offer include the universal symbol for the disabled[15] which would permit disabled individuals to access the Website's accessibility information and accessibility protocols.

101.    There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. Incorporating the basic Auxiliary Aids and Services components to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to the Defendant.

102.    The Defendant has violated the ADA (and continues to violate the ADA) by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access Defendant's Auxiliary Aids and Services. These violations within Defendant's Website are ongoing.

**Violations of the ADA**

103.    As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303 to remedy the discrimination.

---

[14] (which is an internet document usually in HTML)

[15] , or HTML "Accessibility" link for those individuals who are visually impaired

104.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Joel Price injunctive relief; including an order to:

a) Require Defendant Pizza Hut, LLC to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of the www.pizzahut.com website to a statement as to the Defendant's policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its Website.

b) Require Defendant Pizza Hut, LLC to take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the www.pizzahut.com website's being readily accessible, to provide an alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made, and

c) Require Defendant Pizza Hut, LLC to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating Pizza Hut restaurants (locations), learning the nutritional value of Pizza Hut food, and purchasing Pizza Hut food and gift cards online. During that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from purchasing such Pizza Hut food and gift cards (goods and services)

made available to the public through Defendant's Website and through Pizza Hut physical restaurant locations.

105.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Pizza Hut, LLC

## COUNT II – TRESPASS

106.    Plaintiff Joel Price re-alleges and incorporates by reference the allegations set forth in ¶¶s 1–68 above.

107.    Plaintiff's tangible personal property, being his computer and the personal information and browsing history stored therein, has suffered a trespass by Defendant on each and every date that the Plaintiff has accessed Defendant's www.pizzahut.com website.  Plaintiff's personal information has suffered a trespass due to the employment of software analytics by Defendant which are present on Defendant's Website, which the Plaintiff has navigated.

108.    Plaintiff was unaware that Defendant's Website was placing software on his computer due to his inability to effectively communicate with Defendant's Website.

109.    Plaintiff did not consent to the placement of software on his personal computer; therefore Defendant has committed a trespass against Plaintiff.

110.    By the acts described hereinabove, Defendant has repeatedly and persistently engaged in trespass of the Plaintiff's personal property in violation of the common law.

111.    Defendant's installation, operation, and execution of software on Plaintiff's computer has impaired the condition and value of the Plaintiff's computer.

112.    At    the    Defendant's    Website    location    (https://www.pizzahut.com /index.php#/privacy-policy), the Defendant states the following:

### Information We Collect

"… we collect IP addresses and user browsing behavior. We collect this and other information using the tracking tools …"

### How We Collect Information

"We collect information from you passively. If you are on a mobile device and use a location based service, for example, then we will collect your location. We use common tracking tools like browser cookies to collect information passively. We may also use web beacons."

"We collect information from third parties. For example, we might get information about you from one of our franchisees. This information might be combined with information we already have."

113.    As a direct and proximate result of Defendant's trespass to chattels, nuisance, and interference and unauthorized access of and intermeddling with the Plaintiff's property, the Defendant has injured and impaired on the condition and value of the Plaintiff's computer as follows:

a)    By consuming the resources of an/or degrading the performance of Plaintiff's computer (including space, memory, processing cycles and internet connectivity);

b)    By infringing on Plaintiff's right to exclude others from his computer;

c)    By infringing on Plaintiffs right to determine (as owner of his computer) which programs should be installed and operated on his computer;

d)    By compromising the integrity, security, and ownership of Plaintiff's computer; and

e)     By forcing the Plaintiff to expend money time, and resources in order to remove the programs installed on his computer without notice or consent.

114.    For all of the foregoing, the Plaintiff has no adequate remedy at law.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff Joel Price hereby demands judgment against Defendant Pizza Hut, LLC and requests the following injunctive and declaratory relief:

a) The Court issue a declaratory judgment that Defendant has violated the Plaintiff's rights as guaranteed by the ADA;

b) The Court enter an Order requiring Defendant to update its www.pizzahut.com website to remove barriers in order that individuals with visual disabilities can access the Website and effectively communicate with the Website to the full extent required by Title III of the ADA;

c) The Court enter an Order requiring Defendant Pizza Hut, LLC to clearly display the universal disabled logo[16] within its Website, wherein the logo would lead to a page which would state Defendant's accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of the www.pizzahut.com website;

---



16

d) The Court enter an Order compelling Defendant to contract with an independent ADA expert/consultant for the purposes of that ADA expert/consultant review Defendant's policies, practices and procedures for five years commencing from the date of the Court's Order to insure that Defendant is in compliance with the ADA;

e) The Court enter an order requiring Defendant to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto;

f) The Court enter an Order directing Defendant to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Website;

g) The Court enter an Order directing Defendant to establish a policy of web accessibility and accessibility features for the Website to insure effective communication for individuals who are visually impaired;

h) The Court to declare that Defendant's actions, as set forth above, violate the Florida common law tort of trespass as alleged above in that the Website has placed unwarranted and unauthorized software on Plaintiff's computer without his consent;

i) The Court to award injunctive and equitable relief as applicable, including:

    i.    prohibiting Defendant from engaging in the acts alleged above;

     ii.    requiring Defendant to provide effective communication to users of its Website such that individuals who are visually impaired have knowledge and notice of Defendant's placement of software on their computer(s); and

     iii.    requiring Defendant to provide Plaintiff reasonable means to decline participation in Defendant's placement of software on his computer;

j) The Court award damages in an amount to be determined at trial;

k) The Court to award Plaintiff reasonable litigation expenses and attorneys' fees;

l)

m) As to the count of trespass, the Court to award Plaintiff other equitable relief as the Court deems proper; compensatory damages sustained by Plaintiff; and permanent injunctive relief prohibiting Defendant from engaging in the conduct and practices of trespass as complained of herein; and

n) That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 15th day of December, 2017.

Respectfully submitted,

Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

29